IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMEL BRANCH, | * | |
| Petitioner, | * | Civ. Action No. RDB-19-2012 |
| v. | * | Crim. Action No. RDB-16-0364 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 20, 2018, *pro se* Petitioner Jamel Branch ("Branch" or "Petitioner") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 315; Judgment & Commitment Order ("J&C"), ECF No. 400.) On July 9, 2018, this Court sentenced Branch to 120 months of imprisonment, the mandatory minimum sentence required by 21 U.S.C. § 841. (J&C, ECF No. 400.) After this Court entered its Judgment, Branch did not seek review of either his conviction or sentence from the United States Court of Appeals for the Fourth Circuit.

On July 9, 2019, Branch filed the pending Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 447.) The Government opposes Petitioner's § 2255 Motion and filed a response in support of its position on January 9, 2020. (ECF No. 459.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 447) is DENIED.

**BACKGROUND**

Branch stipulated to the following facts in his Plea Agreement. (ECF No. 315 ¶ 6(a).) In February 2016, Branch conspired with others to provide heroin in New York, where he resided, to individuals traveling from Baltimore. (*Id.*) At the time of the conspiracy, the Drug Enforcement Administration ("DEA") lawfully intercepted the communications of a drug trafficking organization operating in Baltimore. (*Id.*) By intercepting these communications, the DEA confirmed that members of the Baltimore drug trafficking organization had traveled to New York to meet Branch, obtained heroin from him, and transported that heroin to Baltimore for distribution. (*Id.*)

Pursuant to the plea agreement, the parties stipulated that Branch's base offense level was 30 because the amount of drugs foreseeable to him as part of the conspiracy was more than one kilogram but less than three kilograms of heroin. (*Id.* ¶ 6(b).) The parties further agreed that a 3-level reduction was appropriate based on Branch's prompt recognition and affirmative acceptance of personal responsibility, as well as timely notification of his intent to plead guilty. (*Id.* ¶ 6(c).) These reductions produced an offense level of 27. (*Id.*)

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 359.) The PSR concluded that Branch's criminal history category was V. (PSR ¶ 39.) Among Branch's 12 prior convictions were a prior New York conviction for possession of a deadly weapon (*Id.* ¶¶ 36, 38) (yielding 3 criminal history

points)[1] and convictions for possession of marijuana (*Id.* ¶¶ 30, 31, 32) (yielding 4 criminal history points).

At sentencing, this Court accepted the parties' Guidelines stipulations and the findings of the Presentence Investigation Report. As this Court noted during the sentencing hearing, a base offense level of 27 and a criminal history category of V produced an advisory Guidelines range of 120 to 150 months of imprisonment. (Sentencing Tr. 6:4-7; 13:6-19, ECF No. 440.) This Court further noted that a 120-month mandatory minimum sentenced applied pursuant to 21 U.S.C. § 841. (*Id.* 6:9-10.) Branch indicated that he understood that a 120-month mandatory minimum sentence applied. (*Id.* 6:11.) In response, this Court once again emphasized that "there are no circumstances under which I'd be allowed to go less than [the mandatory minimum sentence of 120 months] required by statute." (*Id.* 6:12-14.)

Ultimately, this Court imposed a 120-month sentence. This Court explained its reasoning as follows:

> I've conducted an analysis under the multistep approach to criminal sentencings to determine first whether a sentence within the advisory guideline range serves the factors set forth as outlined by the Supreme Court in the *Gall* case, and I find that it does. I have no choice in terms of the mandatory minimum sentence of 120 months, but I see no reason to sentence you to one day above that. I've considered all the Congressionally-mandated purposes of sentencing, both to punish you and to send a message to others. To achieve these purposes, I looked to those factors under 3553 that I mentioned before. But I think that a sentence at the very lowest end of the guidelines achieves all those factors without going – certainly there's no reason to go above the 120-month/10-year mandatory minimum sentence.

---

[1] An additional two points were added because the defendant was under the criminal justice system when the offense occurred, pursuant to U.S.S.G. § 4A1.1(d).

3

(*Id.* 32:7-20.)  As this Court explained, Branch's 120-month sentence represented the minimum sentence allowed by statute and fell at the lowest end of the advisory Guidelines range.

On July 9, 2019, Branch filed the pending § 2255 Motion.  (ECF No. 447.)  The Government opposes the motion.  (ECF No. 459.)  The Motion is now ripe for review.[2]

## **STANDARD OF REVIEW**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).  Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack.  *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'"  *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)).  Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence.  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see*

---

[2]   On February 21, 2020, this Court received Branch's Motion for Extension of Time to Answer the Government's Response, which requested a 120-day extension to reply to the Government's submission. (ECF No. 463.) This Court granted the Motion. (ECF No. 464.) At the latest, Branch's Reply was due on Monday, June 22, 2020. That date has elapsed, and his Reply has not been received by this Court.

*also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Branch argues that he is entitled to resentencing because his prior New York convictions for possession of a deadly weapon and for possession of marijuana are now void as a result of recent developments in New York law. (ECF No. 447.) In light of these changes to New York law, Branch argues, he no longer falls within a criminal history category of V and must be resentenced. (*Id.*) In addition to these substantive challenges to his prior convictions, Branch also argues that his counsel was ineffective for failing to argue at sentencing that his conviction for possession of a deadly weapon was void. (*Id.*) As further explained below, Branch's arguments are without merit. This Court imposed the mandatory minimum sentence. Even if Branch's criminal history category would be different today as a result of changes to New York law, the same mandatory sentence would have applied. Accordingly, Branch is not entitled to resentencing.

### I.     Procedurally Barred Claims.

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster*, 136 S. Ct. at 1758 (quoting *Frady*, 456 U.S. at 165, 102 S. Ct. 1584). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *Pettiford*, 612 F.3d at 280. To show

actual prejudice, Petitioner has the burden of showing that the alleged errors "worked to his *actual* and substantial disadvantage" with "error of constitutional dimensions." *Frady*, 456 U.S. at 170. Ultimately, when a sentence imposed by a district court was "'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character' the claim [is] not appropriate for a § 2255 review." *United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) (quoting *United States v. Addonizio*, 442 U.S. 178, 186, 99 S. Ct. 2235 (1979)).

Branch argues that his prior New York convictions for possession of a dangerous weapon and possession of marijuana should not have yielded criminal history points for purposes of calculating an advisory Guidelines range. Branch did not take an appeal in this case, and therefore did not present this argument to the United States Court of Appeals for the Fourth Circuit. Accordingly, Branch may only present these arguments if he can show cause and prejudice, or actual innocence.

Branch cannot show prejudice arising from his purportedly improper Guidelines calculation. A conviction for conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 requires a minimum sentence of 120 months of imprisonment. 21 U.S.C. § 841. As this Court explained during the sentencing hearing, and as Branch acknowledged, the law does not permit an imposition of a lesser sentence. Even if Branch could demonstrate that his New York convictions are now void, he could not show that their inclusion in the Guidelines calculation yielded an unlawful sentence. Accordingly, Branch's claims are procedurally barred.

## II. Ineffective Assistance of Counsel Claim.

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* At 690. The failure to anticipate future changes in the law does not constitute deficient performance. *See, e.g.*, *United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (counsel not ineffective for failing to anticipate Supreme Court decision).

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

Petitioner's ineffective assistance of counsel claim satisfies neither the "performance" nor the "prejudice" prong of the *Strickland* analysis. Branch argues that his counsel was ineffective for failing to argue that his New York conviction for possession of a deadly weapon (specifically, a gravity knife) is void. In support of his argument, Branch relies on *Cracco v. Vance*, 376 F. Supp. 3d 304 (S.D.N.Y. 2019). In *Cracco*, the United States District Court for the Southern District of New York found that Section 265.01(1) of the New York Penal Law, which criminalizes the possession of gravity knives, was unconstitutionally vague as applied to the plaintiff. *Cracco* was not decided until March 27, 2019—well after Petitioner's July 9, 2018 sentencing. Counsel did not exhibit deficient performance by failing to anticipate a successful as-applied challenge to this provision of the New York Penal Law. Additionally, and as previously explained, Branch received the minimum sentence authorized by law. Counsel's decision to withhold argument against his deadly weapon conviction could not have resulted in prejudice because a lower sentence was not permissible. Accordingly, Branch's ineffective assistance of counsel claim is without merit.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 447) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 23, 2020

                                                         _____/s/_____
                                                         Richard D. Bennett
                                                         United States District Judge