IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| JAMEL BRANCH, | *   Criminal Action No. RDB-16-364 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 8, 2021, this Court entered its Memorandum Order (ECF No. 568 *SEALED*) denying Defendant Jamel Branch's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 517, 530). On September 9, 2021, Branch signed and mailed the pending[1] motion (ECF No. 588), which he captions "Relief from a Judgment or Order Under Rule 60(b)(3) & (6)," wherein he contends that this Court erred in denying his request for compassionate release. The Government has not filed a response. However, the Court determines that a response is not necessary. Additionally, no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the pending motion (ECF No. 588) is DENIED.

## BACKGROUND

On August 9, 2016, Branch, along with thirteen co-defendants, was indicted in an eleven-count Superseding Indictment. He was charged with Conspiracy to Distribute and

---

[1] Branch also filed a Motion for Reconsideration on January 4, 2021. (ECF No. 540.) Because this motion was filed prior to this Court's Memorandum Order denying Branch's Motion for Compassionate Release (ECF No. 568 *SEALED*), and because it was ultimately addressed in the Court's prior Memorandum Order (*id.* at 5–6), this motion (ECF No. 540) is DENIED as MOOT.

Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846 (Count One). (Superseding Indictment, ECF No.12.)

On February 20, 2018, Branch pled guilty to Count One of the Superseding Indictment. (Plea Agreement, ECF No. 314.) Branch stipulated that he conspired with others to provide quantities of heroin in New York, where he lived, to individuals who traveled from Baltimore to obtain heroin from him. (ECF No. 315 at 4.)

On July 9, 2018, this Court sentenced Branch to 120 months' imprisonment on Count One—the mandatory minimum sentence—with credit for nine days of federal custody served from May 31, 2017 to June 1, 2017. (Judgment, ECF No. 400.) Branch is presently incarcerated at MDC Brooklyn in Brooklyn, New York, with a projected release date of May 17, 2026. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc// (search by register number: 90154-053).

Branch has filed various requests for post-conviction relief, including a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 447), which this Court denied on June 23, 2020. (ECF No. 488); and a Motion for Compassionate Release (ECF Nos. 517, 530), which this Court denied on June 8, 2021 (ECF No. 568 *SEALED*). It is the Court's latter denial that is the subject of the pending motion, which Branch captioned "Relief from a Judgment or Order Under Rule 60(b)(3) & (6)" (ECF No. 588). Therein, Branch contends that this Court erred in denying his request for compassionate release. Accordingly, this Court will construe Branch's *pro se* motion as a Motion for Reconsideration. (ECF No. 588.)

## ANALYSIS

As a *pro se* litigant, Branch's pleadings have been "liberally construed" and "held to less

2

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In his *pro se* motion (ECF No. 588), Branch requests this Court reconsider its decision filed June 8, 2021, and grant his request for compassionate release. At bottom, he has not met the high bar he faces to succeed on a motion for reconsideration.

Branch invokes Federal Rule of Civil Procedure 60(b)(3) and (6) as grounds for his motion to reconsider,[2] which allow this Court to grant relief from a final judgment or order for several reasons, including "fraud . . . misrepresentation, or misconduct by an opposing party," Rule 60(b)(3), or "any other reason that justifies relief." Rule 60(b)(6). There is no evidence to suggest that Rule 60(b)(3) is relevant, nor is there any authority to support Branch's contention that this Court inappropriately cited to Bureau of Prison ("BOP") data.

Under the First Step Act, district courts have "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 220 WL 2085471, at *2 (D. Md. Apr. 30, 2020). After defendants have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," defendants may seek a sentence reduction from the court. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A) governs motions for compassionate release. "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," a district court may reduce an imposed term of imprisonment only when there are

---

[2] As there is no Federal Rule of Criminal Procedure that explicitly governs motions for reconsideration, litigants commonly invoke Rule 59(e), which allows for a motion to alter or amend a judgment, in addition to Rule 60. This Court rules on the present motion pursuant to Rule 60(b).

3

"extraordinary and compelling reasons" to warrant a reduction; the defendant is not a danger to the community; and a sentencing reduction is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

This Court previously found that Branch's medical condition of Ventricular Septal Defect did not constitute an extraordinary and compelling reason for early release, and further determined that analysis of the sentencing factors provided in § 3553(a) also did not support his early release. (ECF No. 568 *SEALED* at 3–9.) Through his newly filed motion (ECF No. 588) and supplemental filing (ECF No. 590), Branch has not presented any additional facts that would move this Court to reconsider its prior decision denying compassionate release. As this Court previously noted, "Defendant's prior recovery from COVID-19 as well as FCI Allenwood's[3] falling COVID-19 infection figures and rising inoculation figures" do not establish an extraordinary and compelling reason for relief. (*Id.*) This statement remains true; at MDC Brooklyn, where Branch is currently imprisoned, the BOP reported that out of 1160 total inmates, 905 are fully inoculated, and there are two open cases of COVID-19 as of January 3, 2025.[4]

Similarly, Branch has not presented any facts that would cause this Court's analysis of the § 3553(a) factors to change. These factors include (1) the nature and circumstances of the offense as well as the defendant's personal history and characteristics; (2) the sentence relative to the nature and seriousness of the offense; (3) the need for a sentence to provide just

---

[3] Branch was previously incarcerated at FCI Allenwood. As noted above, he is presently incarcerated at Brooklyn MDC. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc// (search by register number: 90154-053).

[4] *See Inmate COVID-19 Data*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Jan 16, 2025).

punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a); *Gill v. United States*, No. RDB-13-577, 2022 WL 17488953, at *5 (D. Md. Dec. 7, 2022), *aff'd*, No. 22-7337, 2023 WL 3073543 (4th Cir. Apr. 25, 2023). As this Court previously stated, "Branch has a long criminal history" and committed his offense "while under a criminal sentence in New York." (ECF No. 568 *SEALED* at 8–9.) The Court also observed that "the nature of the crime and Branch's history of recidivism warranted the sentence initially imposed." (*Id.* at 9.) These facts remain true and warrant denial of compassionate release. Finally, the Court notes that Branch is serving the mandatory minimum sentence for his crime, so early release would be inconsistent with the applicable sentencing guidelines.

Branch's motion has raised no issues cognizable as grounds for compassionate release. Accordingly, his motion (ECF No. 588) is hereby DENIED.

## CONCLUSION

For the foregoing reasons, it is this 17th day of January 2025, ORDERED that:

1. Defendant Jamel Branch's "Motion for Reconsideration" (ECF No. 540) is DENIED AS MOOT;

2. Defendant Jamel Branch's "Relief from a Judgment or Order Under Rule 60(b)(3) & (6)" (ECF No. 588) is DENIED; and

3. Copies of this Memorandum Order shall be sent to Defendant and Counsel of record.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States Senior District Judge